# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**COWELL NEMOY BROWN,**

    **Plaintiff,**

vs.                                                              Case No. 4:15cv273-WS/CAS

**FLORIDA BAR, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed a third amended civil rights complaint, doc. 13, under 42 U.S.C. § 1983. In a separate Order entered this day, Plaintiff's motion seeking leave to submit a separate memorandum of law in support of his third amended civil rights complaint, doc. 15, was granted. Plaintiff's memorandum of law, doc. 15, and the third amended complaint, doc. 13, have been reviewed as required by 28 U.S.C. § 1915A.

    Plaintiff has sued Governor Rick Scott, the Chief Judge of the Florida Fifth District Court of Appeal, the Florida Attorney General (formerly Bill McCollum and now Pamela Jo Bondi), Assistant Attorney General Wesley Heidt, Florida Circuit Judge Bob Wattles, and the "Head of the Florida Bar Association." Doc. 13 at 1-3. A liberal reading of

Plaintiff's complaint reveals this case is brought to challenge a ruling from the Fifth District Court of Appeal [DCA] which barred Plaintiff from filing any further pro se pleadings in case number 5D12-3710.  Doc. 13 at 6.  The Court concluded that Plaintiff's prior filings were frivolous and, pursuant to FLA. STAT. § 944.279(1), directed the Florida Department of Corrections to consider whether to impose discipline against Plaintiff for those filings.

Plaintiff seeks a declaratory judgment that FLA. STAT. § 944.279(1) violates his due process rights, the Equal Protection Clause, and double jeopardy.  Doc. 13 at 16.  Plaintiff seeks an Order from this Court which will prohibit the Clerk of the Fifth DCA from enforcing the court order against him and which will require the Department of Corrections (who is not a party to this litigation) to "hear a belated appeal on disciplinary charge[1] log no. 251-130477."  Id.  Finally, Plaintiff seeks monetary damages of one million dollars and a "special injunction" directed to the circuit court.  Id.

Included in Plaintiff's recently filed motion for leave to conduct discovery are several relevant court orders which shed light on Plaintiff's claims.  Doc. 14.  One such order was entered by Defendant Bob Wattles, a Circuit Court Judge from the Ninth Judicial Circuit in and for Orange County, Florida.  Doc. 14, Ex. C.  It appears that the

---

[1] It was clear after review of Plaintiff's second amended complaint that he was given a disciplinary report which charged him with violating Rule 33-601.314.  That Rule provides that "[i]In accordance with Section 944.279(1), F.S.," an inmate may be disciplined by up to 60 days in disciplinary confinement and the loss of gaintime if "found by the court to have brought a frivolous or malicious suit, action, claim, proceeding orappeal [sic] in any court, or to have brought a frivolous or malicious collateral criminal proceeding or is found by the court to have knowingly or with reckless disregard for the truth brought false information or evidence before the court."  FLA. ADMIN. CODE R. 33-601.314, Rules of Prohibited Conduct and Penalties for Infractions.  It appears that Plaintiff was found guilty of the disciplinary charge, and was subjected to 60 days in confinement.  Doc. 13 at 11.

Case No. 4:15cv273-WS/CAS

order from Judge Wattles is the basis of Plaintiff's complaint against Judge Wattles in this case.  Moreover, it was Plaintiff's appeal of that order which led to issuance of the order entered from the Fifth DCA which Plaintiff now challenges.  Doc. 14, Ex. D.

Judge Wattles' order detailed that Plaintiff was convicted on four counts and sentenced to life imprisonment on December 17, 2001, in case 2001-CF-4866.  Doc. 14 at 25 (doc. 14, Ex. C).  His appeal was affirmed by the Fifth DCA on February 14, 2003.  *Id.*  Plaintiff's first motion for post-conviction relief was denied on July 15, 2004, and affirmed on appeal.  *Id.* at 26; *see* Brown v. State, 889 So. 2d 82 (Table) (Fla. 5th DCA 2004).  Plaintiff's second motion for post-conviction relief was denied on July 8, 2005, and affirmed on appeal.  *Id.*; *see* Brown v. State, 916 So. 2d 808 (Fla. 5th DCA 2005).  Plaintiff's third motion for post-conviction relief was similarly denied on May 15, 2008, and affirmed on appeal.  *Id.*; *see* Brown v. State, case no. 5D08-2290 (Fla. 5th DCA Oct. 21, 2008).  Judge Wattles noted that Plaintiff had filed yet another challenge to his conviction which could not be raised in a Rule 3.850(h) motion.  *Id.*  Judge Wattles advised that if Plaintiff continued to file untimely motions raising claims previously address, an order would be entered requiring Plaintiff to show cause why he should not be barred from filing further pro se pleadings.  *Id.*

Thereafter, an order was entered by the Fifth DCA on November 21, 2012, in case number 5D12-3710, directing Plaintiff to show cause "why he should not be prohibited from filing any appeal, petition, pleading or motion pertaining to the conviction and sentence rendered in Case No. 2001-CF-4866, unless reviewed and signed by an attorney licensed to practice in the State of Florida."  Doc. 14 at 29 (doc. 14, Ex. D).  Plaintiff filed a copy of his December 1, 2012, response to that order, doc. 14 at 30-32,

demonstrating that he had an opportunity to present argument to the court and "defend," contrary to his assertion in the complaint.  *See* doc. 13 at 11.  On February 5, 2013, an order was entered by the Fifth DCA concluding that Plaintiff was "abusing the judicial process" and was barred from any further pro se filings.  Doc. 14 at 33.  The Clerk was directed to reject any further filings concerning that case "unless they [were] field by a member in good standing of The Florida Bar."  *Id.*  Finally, the Clerk was "directed to forward a certified copy of [that] order to the appropriate institution for consideration of disciplinary procedures."  *Id.* (citing FLA. STAT. § 944.279(1)).

       The basis of Plaintiff's claim against Attorney General Pamela Jo Bondi or her predecessor, Bill McCollum, and Assistant Attorney General Wesley Heidt, is that witnesses at Plaintiff's criminal trial testified falsely and the prosecutors altered Plaintiff's facts which were presented in his 2008 pleadings and appeal.  *Id.* at 6-10.  Plaintiff makes only conclusory allegations and does not provide any specific facts which explain the basis for this claim.  Nevertheless, the law is clear that prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process."  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); <u>Cook v. Houston Post</u>, 616 F.2d 791, 793 (5th Cir. 1980).  Such actions include "initiating a prosecution and in presenting the State's case."  <u>Imbler</u>, 424 U.S. at 431, 96 S. Ct. at 995.  This immunity also covers actions such as examining a witness and presenting evidence during a probable cause hearing, actions stemming from the prosecutor's function as an advocate for the State.  <u>Jones v. Cannon</u>, 174 F.3d 1271 (11th Cir. 1999).  Because Plaintiff's claims are premised upon the role of the assistant attorney generals who

advocated on behalf of the State during Plaintiff's post-conviction proceedings, they have immunity from this § 1983 action.

Plaintiff has presented no factual allegations against the "head" of the Florida Bar or Governor Rick Scott. Doc. 13. Thus, the complaint does not state a claim and should be dismissed as to these Defendants.

As for Judge Wattles and the Fifth DCA Chief Judge, Plaintiff has already been informed that the absolute immunity of a defendant is a ground which justifies dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii). Doc. 11 (citing Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) and cases cited therein). When a judge acts in his or her judicial capacity, the judge is entitled to absolute immunity from liability for damages under § 1983 unless the judge's actions were in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). In Stump v. Sparkman, the Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983." Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996) (citing Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity." Simmons, 86 F.3d at 1084-1085 (quoting Stump, 435 U.S. at 362, 98 S. Ct. at 1107). If this first part is satisfied, the second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.' " 86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872)). A judge acts in the absence of jurisdiction when there is no subject-matter jurisdiction to

hear a case, or when the acts of the judge are purely private and non judicial. <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084-85 (11th Cir. 1996).

Plaintiff's allegations and attached exhibits make clear that these Defendant judges were acting in their judicial capacities as they were entering orders in cases before them and dealt with Plaintiff only in their capacities as judicial officers. There are no allegations that any judge dealt with Plaintiff in a purely private capacity. Plaintiff's claims against Judge Wattles and the Chief Judge of the Fifth DCA are barred by absolute judicial immunity.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and because the majority of Defendants have immunity from suit, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**IN CHAMBERS** at Tallahassee, Florida, on August 12, 2015.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**